UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAVIER SAVIONNE THURMAN,           )<br>                                                          )<br>                    Plaintiff,              )<br>                                                          )<br>          v.                                          )          No. 2:24-cv-00409-JPH-MG<br>                                                          )<br>JOE MCGOWAN Aramark,               )<br>HALEA MCKIM Aramark,              )<br>DANIEL BEDWELL Aramark,          )<br>ARAMARK CORPORATION HEAD )<br>QUARTER,                                         )<br>                                                          )<br>                    Defendants.          ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Javier Thurman is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner," this Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Thurman's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Aramark, the contracted food service provider at Wabash Valley; (2) Aramark employee Joe McGowan; (3) Aramark employee Halea McKim; and (4) Aramark employee Daniel Bedwell.

On May 9, 2024, Mr. Thurman was approved to begin working in Wabash Valley kitchens, operated by Aramark. On May 21, 2024, Mr. McGowan directed Mr. Thurman to work in the cart wash area of the prep kitchen instead of his usual spot with pots and pans. Mr. McGowan assigned Mr. Thurman to that task because the previous employee had been burned, and threatened to fire Mr. Thurman if he did not do the job. Mr. Thurman did not receive any training on how to operate the cart wash and was not given any protective clothing, aside from rubber gloves that did not adequately protect from hot water. He also was unaware that the water coming from the faucet for the cart wash was extremely hot, well over 200 degrees, and lacked a cold-water valve. There was no signage warning of the extremely hot water. While operating the cart wash on that date,

2

Mr. Thurman's left arm was severely burned by the scalding hot water, leaving permanent physical and emotional damage.

Mr. Bedwell is the head Aramark supervisor at Wabash Valley. Ms. McKim specifically supervised the prep kitchen. Both Mr. Bedwell and Ms. McKim had control over hiring and firing of prep kitchen employees. Shortly after Mr. Thurman was burned, signage was posted in the cart wash area warning of hot water, and the temperature was turned down to below 200 degrees. Mr. Thurman believes that Mr. Bedwell, Ms. McKim, and Mr. McGowan all knew about the dangerously hot water at the cart wash area but did nothing to warn employees or protect them from potential harm, until after Mr. Thurman's injury.

Mr. Thurman filed a number of grievances about the incident. On June 12, 2024, Mr. Thurman was notified that he was fired from his kitchen job for a "bad eval." Dkt. 1 at 6.

Mr. Thurman alleges that the Defendants' actions violated the First, Eighth, and Fourteenth Amendments to the United States Constitution, plus Article 1, Sections 1, 3, and 9, 15, and 16 of the Indiana Constitution. Mr. Thurman seeks declaratory judgment, plus compensatory and punitive damages. He also seeks the following injunctive relief: (1) that he be provided with photos that were taken of his arm; (2) that he be provided with video footage of the incident and his medical treatment afterwards; (3) that he have three teeth pulled; (4) that he be physically examined by a doctor outside Wabash Valley; and (5) that he be transferred to a different prison.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

#### A. Claims that Are Dismissed

First, there is no private right of action for money damages based on alleged violations of the Indiana Constitution. *See Cantrell v. Morris*, 840 N.E. 2d 488 (Ind. 2006). Mr. Thurman's claims under the Indiana Constitution **are dismissed**.

Second, Mr. Thurman's injunctive relief requests **are dismissed**. His requests for copies of photographs and video footage can be addressed during discovery as this case proceeds. His requests for dental care have no relation to the allegations in the complaint, and a request for injunctive relief must be tied to the specific parties and claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 585 U.S. 155, 161 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (cleaned up); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Similarly, Mr. Thurman is not alleging that he received inadequate medical care following his injury and there is no basis for

ordering him to receive different medical treatment from an outside provider.[1] Finally, Mr. Thurman's request to be transferred to a different prison is improper because it does not appear that Aramark or any of its employees would have any say in the matter of where Mr. Thurman is incarcerated or any ability to order his transfer.

Mr. Thurman's claims under the Fourteenth Amendment also **are dismissed**. None of his allegations raise any inference of an equal protection violation. And his allegation that he was improperly fired from his prison job does not state a due process claim because inmates do not have a protected property interest in prison employment. *See Obriecht v. Raemisch*, 565 F. App'x 535, 539 (7th Cir. 2014).

### B. Claims that Shall Proceed

Mr. Thurman's claims **shall proceed** against Mr. McGowan, Ms. McKim, and Mr. Bedwell under the Eighth Amendment. *See Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011). Additionally, First Amendment retaliation claims **shall proceed** against Ms. McKim and Mr. Bedwell based on Mr. Thurman's assertion

---

[1] To the extent Mr. Thurman is suggesting he wants to be examined by an outside physician for purposes of proving the severity of his injury, Federal Rule of Civil Procedure 35 provides that a "court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical . . . examination by a suitably licensed or certified examiner." But that rule "contemplates an examination of a party at the request of another party, i.e., an examination of a plaintiff at the request of a defendant," in which case "the defendant retains and pays the examining doctor, who then typically provides expert testimony on behalf of the defendant." *Starks v. Couch*, No. 08-407-GPM-CJP, 2009 WL 673282, at *1 (S.D. Ill. Mar. 16, 2009).

that they fired him because of his repeated filing of grievances about the incident. *See Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987).

Mr. Thurman's claims also **shall proceed** against Aramark under the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). It can be plausibly inferred from Mr. Thurman's allegations, including Aramark employees' awareness of the danger of the cart wash area, a failure to adequately protect workers from the danger, and an injury sustained by another worker before Mr. Thurman's incident, that there was at the least an implied policy of inaction on Aramark's part with respect to worker safety. *See Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up).

### IV. Conclusion and Service of Process

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 28, 2025,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to change the name on the docket of defendant "Aramark Corporation Head Quarter" to "Aramark Correctional Services, LLC."

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Aramark, Joe McGowan, Halea McKim, and Daniel Bedwell in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 20, 2024, dkt [1], applicable forms (Notice of Lawsuit and Request for

Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/30/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOE MCGOWAN, ARAMARK EMPLOYEE
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

HALEA MCKIM, ARAMARK EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

DANIEL BEDWELL, ARAMARK EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

ARAMARK CORRECTIONAL SERVICES, LLC
2400 Market St.
Philadelphia, PA 19103

ARAMARK CORRECTIONAL SERVICES, LLC
C/O CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

COURTESY COPY TO:
CHRISTOPHER CODY
Hume Smith Geddes Green & Simmons, LLP
54 Monument Circle, Suite 400
Indianapolis, IN  46204

JAVIER SAVIONNE THURMAN
279208
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838